# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>v.<br><br>B. VALDEZ,<br><br>    Defendant. | Case No. 1:18-cv-00571-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE**<br><br>(ECF No. 2)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I. BACKGROUND

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 27, 2018, Plaintiff filed the Complaint commencing this action, (ECF No. 1), and an application to proceed *in forma pauperis*, (ECF No. 2).

For the reasons discussed below, the Court recommends that Plaintiff's request to proceed *in forma pauperis* be denied, and that Plaintiff be required to pay the filing fee before proceeding with this action.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Title 28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." *Id.* at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

## III. ANALYSIS

Prior to commencing this action on April 27, 2018, Plaintiff commenced more than three cases that were dismissed for failure to state a claim. The Court takes judicial notice of *Trujillo Cruz v. Escobar*, in which the Court revoked Plaintiff's *in forma pauperis* status after finding that Plaintiff had four prior cases dismissed for failure to state a claim. No. 1:16-cv-01770-EPG (E.D. Cal. Jan. 24, 2017), ECF No. 18; *see also Trujillo v. Sherman*, No. 1:14-cv-01401-BAM (E.D. Cal. Apr. 24, 2015) (dismissed for failure to state a claim); *Trujillo v. Ruiz*, No. 1:14-cv-00975-SAB (E.D. Cal. Jan. 6, 2016) (dismissed for failure to state a claim); *Trujillo v. Munoz*, No. 1:14-cv-00976-DLB (E.D. Cal. May 11, 2016) (dismissed for failure to state a claim); *Trujillo v. Munoz*, No. 1:14-cv-01215-SAB (E.D. Cal. May 17, 2016) (dismissed

for failure to state a claim). The Court finds that these dismissals constitute strikes under the "three-strike" rule in 28 U.S.C. § 1915(g). Therefore, Plaintiff has incurred more than three strikes, and is precluded from proceeding *in forma pauperis* unless he was, at the time he filed the Complaint in this action, under imminent danger of serious physical injury.

Plaintiff, however, does not meet the imminent danger exception. Plaintiff's sole claim in this action alleges retaliation in violation of the First Amendment against Correctional Officer B. Valdez. Plaintiff alleges that on June 30, 2016, Valdez and other staff at Kern Valley State Prison conspired to transfer him to another correctional institution to be physically assaulted. (ECF No. 1 at 2). Plaintiff was transferred to North Kern State Prison on July 29, 2016, and then to High Desert State Prison ("HDSP") on August 1, 2016. *Id.* On August 11, 2016, Plaintiff was "'maliciously' and 'sadistically' targeted on facility upper yard with deadly weapon's [sic] were [sic] [he] suffered multiple stab wound's [sic] to the neck and facial area." *Id.* at 3. Plaintiff further alleges that between August 1, 2016, and August 11, 2016, he was "told by prison officials who worked at [HDSP] that Officer B. Valdez and her coworkers were sending messages to (HDSP) on how to get an assault done on [Plaintiff] on the main yard, by offering promises of rewards in return whoever participate in her 'conspiracy' to get [Plaintiff] assaulted." *Id.*

Plaintiff does not allege specific facts that, if true, would show ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury at the time he lodged the Complaint. Plaintiff lodged the Complaint in this action on April 27, 2018. The allegations in the Complaint establish that B. Valdez conspired to have Plaintiff assaulted when he arrived at HDSP in August 2016. On August 11, 2016, she succeeded in her aspiration, and Plaintiff was assaulted. The Complaint, filed almost two years after the alleged assault, does not further recite any factual matter establishing an ongoing danger or future threat of assault or serious physical injury. Accordingly, the Court finds that Plaintiff was not under imminent danger of serious physical injury at the time he filed the Complaint, and he is,

3

thus, precluded from proceeding *in forma pauperis*.

**IV.     CONCLUSION AND RECOMMENDATION**

The Court finds that under 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), be DENIED; and

2. Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 10, 2018**                    /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE