# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B. VALDEZ,<br><br>　　　　Defendant. | Case No. 1:18-cv-00571-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR AN ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED AND THAT PLAINTIFF BE GIVEN FORTY-FIVE DAYS TO PAY THE FILING FEE**<br><br>(ECF No. 22)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

## I.　BACKGROUND

Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by filing a Complaint against B. Valdez ("Defendant") on April 27, 2018. (ECF No. 1). Plaintiff also filed applications to proceed *in forma pauperis*. (ECF Nos. 2, 11).

On August 13, 2019, the undersigned magistrate judge issued findings and recommendations to the district judge assigned to this action recommending that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be directed to pay the required filing fee. (ECF No. 9). The undersigned found that Plaintiff is precluded from proceeding *in forma pauperis* because he was not under imminent danger of serious physical

1

injury when he filed the Complaint and has incurred more than three "strikes" under 28 U.S.C. § 1915(g). *Id.* The undersigned took judicial notice of four cases: *Trujillo v. Sherman*, No. 1:14-cv01401-BAM (E.D. Cal. Apr. 24, 2015) (dismissed for failure to state a claim); *Trujillo v. Ruiz*, No. 1:14-cv-00975-SAB (E.D. Cal. Jan. 6, 2016) (dismissed for failure to state a claim); *Trujillo v. Munoz*, No. 1:14-cv-00976-DLB (E.D. Cal. May 11, 2016); and *Trujillo v. Munoz*, No. 1:14-cv-01215-SAB (E.D. Cal. May 17, 2016).

On November 6, 2018, the district judge declined to adopt the findings and recommendations, (ECF No. 14), and granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 16). The district judge reasoned that the dismissals in two of the four cases cited in the findings and recommendations, *Trujillo v. Munoz*, 1:14-cv-00976-DLB and *Trujillo v. Munoz*, 1:14-cv-01215-SAB, were vacated on appeal. (ECF No. 14).

On November 13, 2018, the undersigned magistrate judge screened the Complaint and, finding cognizable claims of conspiracy to violate constitutional rights, retaliation in violation of the First Amendment, and cruel and unusual punishment in violation of the Eighth Amendment, directed service of process on Defendant. (ECF No. 17).

On January 16, 2019, Defendant filed a motion for an order revoking Plaintiff's *in forma pauperis* status, (ECF No. 22), which is now before the court.

**II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

Title 28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A district could should deny a prisoner's application to proceed *in forma pauperis* pursuant to § 1915(g) "only when, after careful evaluation of the order dismissing [each]

2

action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "The procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive," *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted); instead, "[t]he central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016). For example, although failure to exhaust is an affirmative defense, a complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust based on the face of the complaint counts as a strike under § 1915(g). *Id.* at 1044 (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." *Id.* at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

### III.  ANALYSIS

Defendant asserts that (1) Plaintiff has filed five actions or appeals prior to commencing this action that qualify as strikes under 28 U.S.C. § 1915(g) and (2) Plaintiff was not in imminent danger of serious physical injury when he filed this action. (ECF No. 22).

Initially, the undersigned finds that Plaintiff does not meet the imminent danger exception under 28 U.S.C. § 1915(g). Plaintiff alleges that on June 30, 2016, Defendant and

other staff members at Kern Valley State Prison ("KVSP") conspired to transfer him to another correctional institution to be physically assaulted. (ECF No. 1 at 2). Plaintiff was transferred to North Kern State Prison on July 29, 2016, and then to High Desert State Prison ("HDSP") on August 1, 2016. *Id.* On August 11, 2016, Plaintiff was "'maliciously' and 'sadistically' targeted on facility upper yard with deadly weapon's [sic] were [sic] [he] suffered multiple stab wound's [sic] to the neck and facial area." *Id*. at 3. Plaintiff further alleges that between August 1, 2016, and August 11, 2016, he was "told by prison officials who worked at [HDSP] that Officer B. Valdez and her coworkers were sending messages to (HDSP) on how to get an assault done on [Plaintiff] on the main yard, by offering promises of rewards in return [sic] whoever participate in her 'conspiracy' to get [Plaintiff] assaulted." *Id.*

Plaintiff does not allege specific facts demonstrating ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Plaintiff alleges that Defendant conspired to assault him at HDSP in August 2016, and succeeded on August 11, 2016. The Complaint, filed almost two years after the alleged assault, does not recite any factual allegations demonstrating a present threat of serious physical injury. Furthermore, the alleged attack occurred at HDSP, Defendant is employed at KVSP, and Plaintiff was housed at Pelican Bay State Prison as of the filing of the Complaint. Plaintiff does not allege that he faces any potential for similar injury at Pelican Bay State Prison. Accordingly, the undersigned finds that Plaintiff was not under imminent danger of serious physical injury at the time he filed the Complaint.

Furthermore, the undersigned finds that Plaintiff has incurred more than three strikes. The undersigned takes judicial notice of the following four actions and one appeal as requested by Defendant: *Trujillo v. Sherman*, No. 1:14-cv-01401-BAM (E. D. Cal. Apr. 24, 2015) *aff'd* No. 15-15952 (9th Cir. May 5, 2016) (dismissed for failure to state a claim); *Trujillo v. Gomez*, No. 1:14-cv-1797-DAD-DLB (E. D. Cal. Aug. 5, 2016) *aff'd* No. 16-16567 (9th Cir. Jun. 9, 2017) (dismissal for failure to exhaust based on the face of the complaint); *Trujillo v. Gonzalez-Moran*, No. 17-15200 (9th Cir. Aug. 21, 2017) (denying motions to proceed *in forma pauperis* and dismissing appeal as frivolous); *Trujillo v. Gomez*, No. 1:15-cv-0859-EPG (E. D. Cal. Feb.

3, 2017) a*ff'd* No. 17-15358 (9th Cir. Oct. 25, 2017) (dismissed for failure to state a claim); and *Trujillo v. Ruiz*, No. 1:14-cv-00975-SAB (E.D. Cal. Jan. 6, 2016) *aff'd* No. 16-15101 (9th Cir. Dec. 15, 2017) (dismissed for failure to state a claim).

Defendant has identified three additional actions and one appeal that were not cited in the undersigned's previous findings and recommendations. The undersigned has carefully reviewed the order dismissing each of the five cases identified by Defendant, and finds that each action and appeal was dismissed because it was frivolous or failed to state a claim. Thus, the dismissals in the five cases constitute strikes under 28 U.S.C. § 1915(g). Accordingly, Plaintiff has incurred more than three strikes, and is precluded from proceeding *in forma pauperis*.

## IV. CONCLUSION AND RECOMMENDATION

The undersigned finds that Plaintiff has incurred more than three strikes, and is precluded from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for an order revoking Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), (ECF No. 22), be GRANTED;
2. The order granting Plaintiff's application to proceed *in forma pauperis*, (ECF Nos. 14, 16), be VACATED, and Plaintiff's *in forma pauperis* status be REVOKED; and
3. Plaintiff be ordered to pay the $400.00 filing fee in full within forty-five days of the date of service of the order adopting these findings and recommendations.

These findings and recommendations will be submitted to the district judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **twenty-one (21) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the

waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 1, 2019**

/s/ *Elvin P. Grosjean*
UNITED STATES MAGISTRATE JUDGE